JAMES E. LONG, COMMISSIONER OF INSURANCE OF NORTH CAROLINA v. BEACON INSURANCE COMPANY

No. 8610SC1192

(Filed 15 September 1987)

**Insurance § 1— priority of claims against insolvent insurer**
> For reasons stated in *State ex rel. Long v. Beacon Ins. Co.,* 87 N.C. App. 72, appellants' contention that their claims against an insolvent insurer should have been placed in class 3 rather than class 5 under N.C.G.S. § 58-155.15 is denied.

APPEAL by intervenors Insurance Corporation of Ireland and Plymouth Insurance Company from *Preston, Judge.* Order entered 24 June 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 5 May 1987.

*Hunter, Wharton & Howell, by V. Lane Wharton, Jr., for petitioner appellee.*

*No brief filed for respondent appellee.*

*Bode, Call and Green, by Robert V. Bode; and Kroll, Tract, Harnett, Pomerantz & Cameron, Baltimore, Maryland, by Michael L. Cohen, for intervenor appellants.*

PHILLIPS, Judge.

Pursuant to the provisions of N.C.G.S. 58-155.1, *et seq.*, the petitioner brought this proceeding to rehabilitate Beacon Insurance Company, an insolvent insurance company organized under the laws of North Carolina. The appellants, Plymouth Insurance Company and Insurance Corporation of Ireland, were permitted to intervene because of claims that they have against Beacon Insurance Company under various contracts of reinsurance. Following developments not questioned by this appeal a final plan for the rehabilitation of the insolvent insurer was approved by the court. In classifying the claims received against the company's assets under G.S. 58-155.15 as amended in February, 1985, the court put the claims of reinsurers and reinsureds in class 5, the least favored group under the statute, which reads as follows:

> (5) Claims of general creditors, including claims of insurance pools, underwriting associations, or reinsurers; claims of other insurers for subrogation; those portions of claims for benefits under policies and for losses incurred, including claims of third parties under liability policies, in excess of three hundred thousand dollars ($300,000) per claim; and claims of insurers for payments and settlements under uninsured and underinsured motorist coverages.

The appellants contend that their claims should have been placed in class 3 under the statute, which reads as follows:

> (3) Claims or portions of claims for benefits under policies and for losses incurred, including claims of third parties under liability policies, up to an amount of three hundred thousand dollars ($300,000) per claim; but excluding claims of insurance pools, underwriting associations, or reinsurers, claims of other insurers for subrogation, and claims of insurers for payments and settlements under uninsured and underinsured motorist coverages.

This identical contention, made in this same proceeding by other intervening insurance companies, was recently considered by another panel of this Court and denied. *State ex rel. Long v. Beacon Ins. Co.*, 87 N.C. App. 72, 359 S.E. 2d 508 (1987). For the reasons stated therein the appellants' contentions are also denied.

Affirmed.

Judges COZORT and GREENE concur.